Grand Boulevard Automobile Garage Company, Defendant in Error, v. Grand Boulevard Rink, Plaintiff in Error.

## Gen. No. 14,847.

1.   FORCIBLE ENTRY AND DETAINER—*when service of five days' notice sufficient.* Held, that the service in this case upon the corporate defendant was sufficient, no officer of the corporation being found, the notice being delivered to a person upwards of twelve years of age apparently in full charge of the demised premises.

2.   FORCIBLE ENTRY AND DETAINER—*statute authorizing recovery*

*of rent· construed.* Possession may be awarded and judgment for a full month's rent given notwithstanding at the time of rendering such judgment the full month's rent may not have been earned; justice can be subserved by ordering a stay of execution until such time as the month's rent in question has been earned.

Forcible detainer. Error to the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed February 15, 1910. Opinion amended and refiled March 1, 1910.

CHARLES S. FRANK, for plaintiff in error.

MENZ J. ROSENBAUM and LOUIS M. CAHN, for defendant in error.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

A judgment for possession of the premises involved and for $100, upon a claim for rent joined in the action, was recovered by the plaintiff company in the Municipal Court, in a forcible detainer suit, on July 25, 1908. To reverse that judgment defendant prosecutes this writ.

By a written lease plaintiff had leased "the second floor of the building situate at the northeast corner of Grand Boulevard and 40th street," Chicago, to defendant for a term commencing September 30, 1907, and ending April 30, 1909. The lease provided for $100 per month rent, payable in advance.

On the 6th day of July, 1908, the rent for that month not having been paid, plaintiff caused a five day notice and demand to be served under section 8 of the Landlord and Tenant Act, chapter 80 of the Revised Statutes. The notice and demand was, in substance, that there was $100 due for rent, of which payment was demanded, and that unless payment were made on or before July 11, 1908, the lease of the premises would be terminated. Payment was not made within the time specified and the suit now before us was brought.

At the trial plaintiff, *inter alia,* introduced in evi-

dence the five day notice with a sworn return thereupon. The return is to the effect that Joseph L. Daube served the notice and demand on July 6, 1908, "by delivering a copy thereof to the within named Grand Boulevard Rink, a corp., by leaving said copy with Donald L. Morrison, a party in charge of the within described premises, no officer of said company being found upon said premises." Daube was called as a witness and upon direct examination testified that when he left the notice with Morrison the latter was a person upwards of twelve years of age and "was in charge of and upon the premises described in the complaint." Upon cross-examination he testified Morrison was "in full charge" of the premises at the time in question, and that he believed Morrison was preparing and fitting up the premises for dancing school purposes. Section 11 of the Landlord and Tenant Act provides than when a sworn return is made the same shall be *prima facie* evidence of the facts therein stated.

No evidence was introduced at the trial by the defendant. The defendant, however, then made and now makes the defense that there was no service, as required by law, of the five day notice; that is, that the evidence and affidavit were insufficient to show that Donald L. Morrison was a proper person upon whom to serve the notice. Section 10 of the Act referred to provides that the notice may be served by delivering a "copy thereof to the tenant, or by leaving the same with some person above the age of twelve years, residing on or in possession of said premises; and in case no one is in the actual possession of said premises, then by posting the same on the premises." Whoever drafted the return of service upon the notice chose not to follow the verbiage of the statute and say, in the terms of the statute, that the notice was served upon a person in possession of the premises, and thereby he took some chances. It is rarely wise in pursuing a course prescribed by a statute to attempt to improve upon the verbiage. We think,

48    APPELLATE COURTS OF ILLINOIS.

Garage Co. v. Grand Blvd. Rink, 153 Ill. App. 45.

however, that as it appears no officer of the tenant corporation was found upon the premises when the notice was served and that Morrison was then upon the premises and in full charge thereof, service of the notice upon him was a sufficient compliance with the statute. The statute must be interpreted reasonably and in view of its purpose. This was not an instance where no one was in the actual possession so as to permit the posting of the notice, under the statute. In the connection and under the circumstances in which the term ''in possession'' is used in the statutes we consider actual possession to be referred to. When Morrison, in the absence of the officers of the tenant corporation, was in ''full charge'' of the premises he was in actual possession of the premises within the intent and meaning of this statute. The defendant stood by, at the trial, silent when the evidence in this respect was introduced. The reasonable inference is that Morrison was in full charge of defendant's premises, rightfully, on behalf of the defendant, and not wrongfully or for some one else. Defendant had an opportunity to speak to the contrary and said nothing.

Paragraph three in section 48 of the Municipal Court Act now in force provides that: ''In forcible detainer cases the plaintiff may unite with his claim for possession of the property any claim for rent or damages for withholding possession of the same.'' This provision is similar to section 38 of the Practice Act, except that section 38 does not provide for recovery of damages for the wrongful withholding of possession of premises. Under the provision in the Municipal Court Act plaintiff herein united, in this suit brought below, its claim for the July rent with its claim for possession of the property involved. Plaintiff thus prosecutes his two claims or causes of action at the same time and in the same suit. The claim for rent is for rent for the month of July. This rent for the month of July became due and payable on the first day of July. The cause of action for the whole month's

rent accrued on the first day of July, in advance, and on that day plaintiff became entitled to recover the whole month's rent in a separate common law action had he so chosen.    Section 48, above mentioned, while it provides for joining or uniting the two causes of action in one suit, in nowise purports to or does disturb an already accrued cause of action for rent or to affect the amount of rent which shall be recoverable in the action for rent joined or united in the same suit with the action for possession.    No common law principle disturbs the already accrued cause of action, because the plaintiff, who seeks to recover the current month's rent by suit, owing to defendant's continuous default, also insists upon terminating the lease.    We cannot read into the legislative enactment a provision that the amount recoverable by the plaintiff upon his cause of action for rent shall be any less when he unites his two causes of action than it would have been had he brought separate suits.    If defendant wishes to acquiesce in plaintiff's termination of the lease let him surrender possession and then plead to the action for the rent accordingly.    Entirely apart from the new statutory provision for the uniting of the two causes of action in the same suit, the law gives the plaintiff his right of recovery of the rent.    This new provision merely provides for enforcement of his right in the forcible detainer proceeding wherein he recovers possession.    There was no delay in the proceedings in the case at bar, yet, had there been no writ of error, plaintiff would have been unable to enforce surrender by the tenant wrongfully withholding possession until July 31, the last day of the current month.    This is an illustration of the practical operation of the new mode of procedure for the recovery of rent due, under circumstances most favorable to the landlord.    We see no force in the argument of plaintiff in error that rendering judgment for the rent for the entire current month "is equivalent to ordering the return of goods and giving, at the same time,

judgment for their value." On July 31 the rent for the current month was wholly earned. Should any instance ever occur where injustice might be possible, to any extent, by reason of the rendition of judgment for possession before a current month's rent, for which judgment is rendered, has been wholly earned, the court will unquestionably protect the defendant by the exercise of its power to temporarily stay its process for possession. As authorities in point see: Guild v. Reilly, 9 New Jersey Law Jour., 209; Davidson v. Donadi, 2 E. D. Smith, 121; Cushingham v. Phillips, 1 E. D. Smith, 416; Hinsdale v. White, 6 Hill, 507; Johnson v. Oppenheim, 35 N. Y. Superior Court (3 Jones & Spencer) 440, affirmed in 55 N. Y. 280. We see no error in the rendition of judgment for rent for the entire month of July.

The judgment will be affirmed.

*Affirmed.*